## Thomas Estate

*J. Willard Schoelkopf*, for petitioner.

TAXIS, P. J., July 25, 1962.—Ernest T. Thomas died September 20, 1961, a resident of the Borough of Red Hill, Montgomery County. Following the grant of

letters to Carrie M. Thomas, widow of decedent, an examination of the assets of decedent revealed that he had an interest in eight savings accounts at the Red Hill Savings and Loan Association, Red Hill, Pennsylvania. The assets contained in all eight savings accounts were "frozen" by the savings and loan association pending determination of their rightful ownership by this court. Following that action, Carrie M. Thomas filed this petition for declaratory judgment.

The petition asks for a ruling concerning the ownership of the following listed savings and loan accounts. . .

*Accounts Nos. 8952, 8953, 10854, and 10818.*

All of these accounts are similar in that they are all listed as husband and wife "in trust for" or "trustees for" a named minor child. It is significant that all of these accounts were originally created by the husband in his name alone as "trustee for" or "in trust for" a named child. Had the account cards remained as such on his death there is little question that a tentative trust was created which would have caused the proceeds in each account to be payable to the named child's guardian. Cf. Hunter, O. C. Commonplace Book, (2d ed.) Vol. 6, page 110.

On September 13, 1961, approximately one week prior to the husband's death, he added his wife's name as trustee to all of these accounts and executed a new signature card to the depository entitled "Joint Trust Account (Subject to Order of Both)". The terms of this signature card provided that the account is held by the trustees "as joint tenants with the right of survivorship and not as tenants in common". The trust agreement contained on the reverse side of the card permits the depository to pay out to the trustees and provides that the trustees named on the face may withdraw funds and exercise full control over the accounts "as though the accounts were held absolutely free and discharged of any trust". It also provides that the deposi-

tory may select the successor trustee in the event of death of both but not one of the trustees.

The intent of the husband in creating these accounts originally was most certainly to provide for his children upon his death. The addition of his wife's name as a trustee shortly before his death must have been done so as to invest her with the same powers he had over these accounts during his life should he die. This proposition is further strengthened by an examination of the account card and trust agreement which makes specific provision for continuing administration of the account in the event of the death of both named trustees. I hold, therefore, that the wife succeeds as tentative trustee to each of these accounts, both by necessary implication and by the fact that the cards listed husband and wife trustees as "joint tenants with right of survivorship". As the surviving trustee to a tentative trust the wife must necessarily be able to deal with the trust as though there had never been another trustee named. It is settled that a trustee of a tentative trust may revoke the trust or withdraw the funds at any time during his lifetime: Ingels Estate, 372 Pa. 171; Hunter, O. C. Commonplace Book, (2d ed.) Vol. 6, page 112 et seq.

As to these accounts, therefore, the court holds that the proceeds are payable to the order of Carrie M. Thomas without further liability on any respondent to see to the application of the same.